IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:22-cr-42 |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| JUSTIN RICHARD MEZERA, | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for February 28, 2023, at 11:00 a.m.

**TABLE OF CONTENTS**

I.    **BACKGROUND** ..................................................................................1

II.   **SENTENCING CALCULATION** ........................................................2

III.  **ISSUES TO BE RESOLVED** ...............................................................3

   1. **Distribution** ....................................................................................3

IV.   **GOVERNMENT'S RECOMMENDATION** .........................................4

I.    **BACKGROUND**

A two-count Indictment was filed on April 13, 2022, in the Southern District of Iowa, charging Justin Richard Mezera (defendant) with Receipt of Child Pornography, on or about March 26, 2016, and January 11, 2019 (Count One), in violation of 18 U.S.C. § 2252(a)(2), 2252(b)(1); and Possession of Child Pornography, on or about March 12, 2020 (Count Two), in violation of 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2). A Notice of Forfeiture was filed, as to Counts One and Two, pursuant to

18 U.S.C. § 2253(a), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c). (Final Presentence Investigation Report, hereinafter "PSR", ECF 44, ¶ 1-2.)

On October 13, 2022, the defendant pled guilty to Count One of the two-count Indictment. On November 4, 2022, the district court accepted the defendant's plea and adjudicated him guilty. (PSR, ECF 44, ¶ 3.) The government has agreed to dismiss Count Two at the time of sentencing.

## II.   SENTENCING CALCULATION

In the presentence report paragraphs 39-53 and 116, the defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level<br>USSG § 2G2.2(a)(2) | 22 |
| Prepubescent Minor Enhancement<br>USSG § 2G2.2(b)(2) | +2 |
| Distribution Enhancement<br>USSG § 2G2.2(b)(3)(F) | +2 |
| Sadistic/Masochistic Portrayal Enhancement<br>USSG § 2G2.2(b)(4) | +4 |
| Use of Computer Enhancement<br>USSG § 2G2.2(b)(6) | +2 |
| 600+ Images Enhancement<br>USSG § 2G2.2(b)(7)(D) | +5 |
| Acceptance of Responsibility<br>USSG § 3E1.1(a), (b) | -3 |
| **Total Offense Level** | **34** |
| Criminal History Category | I |
| Guideline Sentencing Range: | 151 to 188 months |

**III.     ISSUES TO BE RESOLVED**

   **1. Distribution.**

   The United States Sentencing Guidelines establish a two-level offense increase in a defendant's offense level if a defendant "knowingly engaged in distribution" of child pornography. USSG §2G2.2(b)(3)(F). The guidelines also establish a two-level decrease where a "defendant's conduct was limited to the receipt or solicitation of [child pornography], and the defendant did not intend to traffic in, or distribute, such material." USSG §2G2.2(b)(1). Here, the defendant objects to the inclusion of the two-level increase and to the exclusion of the two-level decrease. He suggests the evidence is insufficient to show he distributed child pornography as contemplated by USSG §2G2.2(b)(3).

   The guidelines define distribution as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." USSG §2G2.2, comment. (n.1). The Eighth Circuit has indicated the use of a file-sharing-type application may indicate an intent to distribute, but it has also explicitly "prohibited the automatic application of distribution enhancements based solely on a defendant's use of a file-sharing program." *United States v. Durham*, 618 F.3d 921, 931 (8th Cir. 2010). Rather, the enhancement must be decided on a case-by-case basis. *Id*.

Here, the defendant wasn't simply using a file-share-type application to access child pornography. He actually shared images with multiple people who were part of the same chat group. One image the defendant shared was flagged by Kik for clearly being child pornography. The government intends to briefly present additional evidence on this issue at the sentencing hearing. The evidence will show the defendant shared images within internet chat groups. That conduct supports the offense level enhancement found in USSG §2G2.2(b)(3)(F).

### IV. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 34/Criminal History category I, which results in a guideline sentencing range of 151 to 188 months. The statutory maximum term of imprisonment is 240

months and the mandatory minimum term of imprisonment is 60 months. The government is recommending a sentence of 151 months of imprisonment.

The defendant amassed a collection of child pornography that included more than 15,000 images and more than 800 videos of child pornography. It was a massive collection. The images and videos depicted children as young as infants and included various sex acts. The defendant's crime has a significant and ongoing effect on the victims depicted in the images and videos. It should also be noted the evidence showed the defendant accessed Kik using internet service provided by the United States Department of Defense (DOD). In other words, while active as a member of the United States Air National Guard and present at DOD facilities, the defendant engaged in his child pornography chats and otherwise consumed his child pornography. The government submits that fact is especially aggravating.

The guidelines scheme captured most of the aggravating factors in this case—the number of images, the age of the victims, and the type of acts depicted. Because it does, a sentence within the guidelines range is appropriate. The defendant suggests the applicable guidelines here are "substantially inflated" and that a typical defendant scores too high. As a result, he suggests he should receive a downward variance. While the government understands the defendant's arguments, with respect this defendant, the government does not agree.

The defendant's image total is exceptionally far above the threshold for his offense level. The number of images is greater than 80,000 (images and videos calculated together). That number could be reduced by 99% and the remaining total

would still be more than the threshold. Additionally, the defendant's conduct while active with the United States Air National Guard is aggravating. Given all of the factors involved in this case, the nature of the defendant's history and characteristics, the nature of the offense for which he is being sentenced, and within the framework of 18 U.S.C. § 3553, the government respectfully contends a sentence within the guidelines range is appropriate. A guidelines sentence of 151 months would be sufficient, but not greater than necessary, to achieve the purposes described in 18 U.S.C. § 3553.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the defendant's final sentence.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: _/s/ Will R. Ripley_
Will R. Ripley
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: William.Ripley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2023,
I electronically filed the foregoing with
the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: /s/ *Will R. Ripley*
    Will R. Ripley

6